IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON W. JONES,

    Plaintiff,

vs.                                                                                                   No. CIV 23-0846 JB/GBW

CITY OF CLOVIS; NEW MEXICO STATE
POLICE DEPARTMENT; FNU SMITH, New
Mexico State Police Officer; FNU CASTILLO,
New Mexico State Police Officer; FNU
CROSS, District Court Judge District 19;
DISTRICT ATTORNEYS OFFICE;
ORDPEDIC DOCTORS OFFICE; ANGELINA
BACA, Public Defender, and CURRY
COUNTY ADULT DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter-Motion to Appoint Counsel, filed October 19, 2023 (Doc. 5)("Motion to Appoint Counsel"); (ii) the Plaintiff's Complaint for Violation of Civil Rights, filed October 30, 2023 (Doc. 9)("Amended Complaint"); (iii) the Untitled Letter Regarding Prison Conditions from James W. Jones to Judge James O. Browning (dated October 26, 2023), filed November 6, 2023 (Doc. 10)("First Letter"); (iv) the Untitled Letter Regarding Additional Filings and Course Certificate from James W. Jones to Judge James O. Browning (dated November 1, 2023), filed November 8, 2023 (Doc. 11)("Second Letter"); (v) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated November 20, 2023), filed November 30, 2023 (Doc. 13)("Third Letter"); (vi) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated November 30, 2023), filed December 4, 2023 (Doc. 14)("Fourth Letter"); (vii)

the Untitled Letter Regarding Arrest and State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated December 9, 2023), filed December 14, 2023 (Doc. 15)("Fifth Letter"); (viii) the Untitled Letter Regarding State Criminal Prosecution and Medical Condition from James W. Jones to Judge James O. Browning (dated December 27, 2023), filed January 2, 2024 (Doc. 17)("Sixth Letter"); (ix) the Untitled Letter Regarding Discovery and State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed January 19, 2024 (Doc. 19)("Seventh Letter"); (x) the Untitled Letter Regarding Medical Condition from James W. Jones to Judge James O. Browning (dated January 12, 2024), filed January 19, 2024 (Doc. 20)("Eighth Letter"); (xi) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed January 23, 2024 (Doc. 21)("Ninth Letter"); (xii) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed February 29, 2024 (Doc. 23)("Tenth Letter"); (xiii) the Untitled Letter Permitting Collection of Medical Records from James W. Jones to Judge James O. Browning (undated), filed April 10, 2024 (Doc. 24)("Eleventh Letter"); (xiv) the Letter-Motion to Dismiss All Charges Against Plaintiff: Jason W. Jones [sic], filed April 15, 2024 (Doc. 25)("Motion to Dismiss"); and (xv) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed April 15, 2024 (Doc. 26)("Twelfth Letter")(the Court refers to the letter filings together as the "Supplemental Filings").  Jones is incarcerated as a pretrial detainee and is proceeding pro se and in forma pauperis.  See Order Granting In Forma Pauperis Relief, filed November 30, 2023 (Doc. 12).  The Amended Complaint asserts a 42 U.S.C. § 1983 claim for false imprisonment against the City of Clovis and the Curry County Adult Detention Center ("Curry Detention").  See Amended Complaint at 1, 4.  In the Prayer for Relief, Jones asks

- 2 -

this Court to dismiss all pending state criminal charges and to award damages equal to $1,500.00 per day of detention at Curry Detention.  See Amended Complaint ¶ VI, at 5.

After filing the Amended Complaint, Jones has filed twelve supplemental letters that address a variety of topics such as his pending state criminal prosecution, the manner of his arrest, his medical conditions, and his conditions of confinement.  See First Letter at 1; Second Letter at 1; Third Letter at 1; Fourth Letter at 1; Fifth Letter at 1; Sixth Letter at 1; Seventh Letter at 1; Eighth Letter at 1; Ninth Letter at 1; Tenth Letter at 1; Eleventh Letter at 1; Twelfth Letter at 1.  Jones seeks to supplement his factual allegations and legal claims with the information in the Supplemental Filings.

"It is not the role of . . . the court . . . to sort through a . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."  McNamara v. Brauchler, 570 Fed. App'x 741, 743 (10th Cir. 2014)(quoting Schupper v. Edie, 193 Fed. App'x. 744, 746 (10th Cir. 2006)).[1]  See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Pola v. Utah, 2012 WL

---

[1]McNamara v. Brauchler, 570 F. App'x 741 (10th Cir. 2014) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that McNamara v. Brauchler, Schupper v. Edie, 193 F. App'x 744 (10th Cir. 2006), and Pola v. Utah, 2012 WL 292272 (10th Cir. February 1, 2012), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

292272, * 1 (10th Cir. Feb. 1, 2012)(rejecting complaint that "included everything but the kitchen sink"). Accepting Jones's piecemeal pleadings would force the Court and the Defendants to "carefully comb through" various filings that address various topics "to ascertain which [filings] contain pertinent allegations to which a response is warranted." McNamara v. Brauchler, 570 Fed. App'x at 743. Moreover, the piecemeal pleadings impede the screening function under 28 U.S.C. § 1915(e), as the Court cannot discern whether specific claims against specific Defendants have merit. See 28 U.S.C. § 1915(e) (requiring courts to sua sponte screen all in forma pauperis complaint and dismiss any claim that is "frivolous or malicious" or "fails to state a claim upon which relief may be granted").

For these reasons, the Court will strike the Amended Complaint and all Supplemental Filings and grant leave to file a single amended complaint on the Court's official civil rights form complaint. The single amended complaint is due within thirty (30) days of entry of this Memorandum Opinion and Order. The amendment must contain a short and plain statement demonstrating the grounds for relief, as required by rule 8(a) of the Federal Rules of Civil Procedure. Jones must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The amendment must also be limited to civil claims (as distinct from criminal matters) that Jones wishes to adjudicate in this civil rights case, CIV 23-0846 JB/GBW. If Jones fails to timely file a single, amended complaint as set forth above or files additional pleadings that violate rule 8(a) of the Federal Rules of Civil Procedure and/or this Order, the Court may dismiss this action without further notice.

As to Jones' Motion to Dismiss, the Court will not remedy Jones's pretrial detention in this

case -- for example, by issuing a writ of habeas corpus ordering his release from custody -- nor will the Court issue an Order in this civil case that grants relief with respect to Jones's pending criminal prosecutions.  A habeas petition under 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007).  Federal Courts cannot rely on a prisoner civil rights complaint to order the release of state inmates or otherwise interfere with a pending state criminal prosecution.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").  The Motion to Dismiss will therefore be denied without prejudice to filing a 28 U.S.C. § 2241 proceeding, if Jones seeks a release from pretrial detention.

As to Jones' final Motion to Appoint Counsel, "[c]ourts are not authorized to [grant this relief] in 1983 . . . cases." Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016).  "[I]nstead, courts can only 'request' an attorney to take the case" on a pro bono basis.  Rachel v. Troutt, 820 F.3d at 397.  This decision is a matter of discretion.  Toevs v. Reid, 685 F.3d 903, 916 (10th Cir. 2012).  Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." Rachel v. Troutt, 820 F.3d at 397.  Considering these factors, the Court will not ask a local attorney to handle this case on a pro bono basis.  It is at least questionable whether Plaintiff can assert a meritorious claim under § 1983; the issues are not overly complex; and Plaintiff appears capable of filing pleadings on his own behalf.  To the extent the Motion to Appoint Counsel raises other issues -- such as a hearing request or additional factual allegations regarding Plaintiff's claims -- relief is also unavailable.  Plaintiff must include all factual allegations in a single, amended complaint, and he may renew any requests for

procedural relief after that amendment is filed. The Court will, therefore, deny the Motion to Appoint Counsel.

**IT IS ORDERED** that: (i) the Letter-Motion to Appoint Counsel, filed October 19, 2023 (Doc. 5), is denied; (ii) the Complaint for Violation of Civil Rights, filed October 30, 2023 (Doc. 9), is stricken; (iii) the Untitled Letter Regarding Prison Conditions from James W. Jones to Judge James O. Browning (dated October 26, 2023), filed November 6, 2023 (Doc. 10), is stricken; (iv) the Untitled Letter Regarding Additional Filings and Course Certificate from James W. Jones to Judge James O. Browning (dated November 1, 2023), filed November 8, 2023 (Doc. 11), is stricken; (v) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated November 20, 2023), filed November 30, 2023 (Doc. 13), is stricken; (vi) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated November 30, 2023), filed December 4, 2023 (Doc. 14), is stricken; (vii) the Untitled Letter Regarding Arrest and State Criminal Prosecution from James W. Jones to Judge James O. Browning (dated December 9, 2023), filed December 14, 2023 (Doc. 15). is stricken; (viii) the Untitled Letter Regarding State Criminal Prosecution and Medical Condition from James W. Jones to Judge James O. Browning (dated December 27, 2023), filed January 2, 2024 (Doc. 17), is stricken; (ix) the Untitled Letter Regarding Discovery and State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed January 19, 2024 (Doc. 19), is stricken; (x) the Untitled Letter Regarding Medical Condition from James W. Jones to Judge James O. Browning (dated January 12, 2024), filed January 19, 2024 (Doc. 20), is stricken; (xi) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed January 23, 2024 (Doc. 21), is stricken; (xii) the Untitled Letter

Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed February 29, 2024 (Doc. 23), is stricken; (xiii) the Untitled Letter Permitting Collection of Medical Records from James W. Jones to Judge James O. Browning (undated), filed April 10, 2024 (Doc. 24), is stricken; (xiv) the Letter-Motion to Dismiss All Charges Against Plaintiff: Jason W. Jones [sic], filed April 15, 2024 (Doc. 25), is denied; (xv) the Untitled Letter Regarding State Criminal Prosecution from James W. Jones to Judge James O. Browning (undated), filed April 15, 2024 (Doc. 26), is stricken; (xvi) within 30 days of entry of this Order, Jones must file a single amended complaint that appears on the Court's official form, as set forth above; and (xvii) the Clerk's Office shall mail Plaintiff another blank civil rights complaint.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jason W. Jones
Clovis, New Mexico

    *Plaintiff pro se*