IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON W. JONES,

    Plaintiff,

vs.                                                                                                                              No. CIV 23-0846 JB/GBW

CITY OF CLOVIS; NEW MEXICO STATE
POLICE DEPARTMENT; FNU SMITH, NEW
MEXICO STATE POLICE OFFICER; FNU CASTILLO,
NEW MEXICO STATE POLICE OFFICER; FNU
CROSS, DISTRICT COURT JUDGE DISTRICT 19;
DISTRICT ATTORNEYS OFFICE;
ORDPEDIC DOCTORS OFFICE; ANGELINA
BACA, PUBLIC DEFENDER, AND CURRY
COUNTY ADULT DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Jason W. Jones' failure to amend his pleadings as directed. Jones is incarcerated as a pretrial detainee, is pro se, and is proceeding in forma pauperis. See Order Granting In Forma Pauperis Relief, filed November 30, 2023 (Doc. 12). The Court entered a Memorandum Opinion and Order, filed August 30, 2024, (Doc. 28)("Screening MOO"), striking Jones' piecemeal filings and directing him to file a single, amended complaint that complies with rule 8(a) of the Federal Rules of Civil Procedure. See Screening MOO at 6-7. Because Jones has not complied with the Screening MOO, and having reviewed applicable law and the record, the Court dismisses the case without prejudice.

## BACKGROUND

Jones commenced this case on September 27, 2023, by filing a Complaint for Violation of Civil Rights, Prisoner Complaint, filed September 27, 2023 (Doc. 1)("Opening Pleading"), while

detained at the Curry County Detention Center in Clovis, New Mexico. See Opening Pleading at 1-2. Jones, thereafter, filed a series of letters, motions, and pleadings that purport to amend his claims and/or add factual allegations. See the Letter from Jason W. Jones to Judge James O. Browning (dated Sept. 27, 2023), filed October 19, 2023 (Doc. 5), which the Court construes as a Motion to Appoint Counsel ("Motion to Appoint Counsel"); the Plaintiff's Complaint for Violation of Civil Rights, filed October 30, 2023 (Doc. 9)("Amended Complaint"); the Letter from James W. Jones to Judge James O. Browning Regarding Prison Conditions (dated October 26, 2023), filed November 6, 2023 (Doc. 10)("First Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding Additional Filings and Course Certificate (dated November 1, 2023), filed November 8, 2023 (Doc. 11)("Second Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding State Criminal Prosecution (dated November 20, 2023), filed November 30, 2023 (Doc. 13)("Third Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding State Criminal Prosecution (dated November 30, 2023), filed December 4, 2023 (Doc. 14)("Fourth Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding Arrest and State Criminal Prosecution (dated December 9, 2023), filed December 14, 2023 (Doc. 15)("Fifth Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding State Criminal Prosecution and Medical Condition (dated December 27, 2023), filed January 2, 2024 (Doc. 17)("Sixth Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding Discovery and State Criminal Prosecution (undated), filed January 19, 2024 (Doc. 19)("Seventh Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding Medical Condition (dated January 12, 2024), filed January 19, 2024 (Doc. 20)("Eighth Letter"); the Letter from James W. Jones to Judge James O. Browning Regarding State Criminal Prosecution (undated), filed January 23, 2024 (Doc. 21)("Ninth Letter"); the Letter from James

W. Jones to Judge James O. Browning Regarding State Criminal Prosecution (undated), filed February 29, 2024 (Doc. 23)("Tenth Letter"); the Letter from James W. Jones to Judge James O. Browning Permitting Collection of Medical Records (undated), filed April 10, 2024 (Doc. 24)("Eleventh Letter"); the Motion to Dismiss All Charges Against Plaintiff: Jason W. Jones, filed April 15, 2024 (Doc. 25)("Motion to Dismiss"); and the Letter from James W. Jones to Judge James O. Browning Regarding State Criminal Prosecution (undated), filed April 15, 2024 (Doc. 26)("Twelfth Letter")(collectively referred to as the "Supplemental Filings").  Jones asserts a 42 U.S.C. § 1983 claim for false imprisonment against the City of Clovis and Curry County Detention Center.  See Amended Complaint at 1, 4.  In at least one pleading, Jones asks the Court to dismiss all pending state criminal charges and to award damages equal to $1,500.00.  See Amended Complaint ¶ VI, at 5.

On August 30, 2024, the Court entered the Screening MOO striking Jones' piecemeal filings and directing him to file a single, amended complaint that complies with rule 8(a) of the Federal Rules of Civil Procedure.  See Screening MOO at 3-7.  The Screening MOO explains that "[i]t is not the role of . . . the court . . . to sort through a . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."  Screening MOO at 3 (quoting McNamara v. Brauchler, 570 Fed. App'x 741, 743 (10th Cir. 2014)).  See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Pola v. Utah, 458 Fed. Appx. 760, 762 (10th Cir. 2012)(rejecting complaint that "included everything but the kitchen sink").[1]  Accepting Jones's

---

[1] McNamara v. Brauchler is an unpublished United States Court of Appeals for the Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit

piecemeal pleadings would force the Court and the Defendants to "carefully comb through" various filings that address various topics "to ascertain which [filings] contain pertinent allegations to which a response is warranted." McNamara v. Brauchler, 570 Fed. App'x at 743. Moreover, the piecemeal pleadings impede the screening function under 28 U.S.C.§ 1915(e), as the Court cannot discern whether specific claims against specific Defendants have merit. See 28 U.S.C. § 1915(e)(requiring courts to sua sponte screen all in forma pauperis complaints and dismiss any claim that is "frivolous or malicious" or "fails to state a claim upon which relief may be granted").

> For these reasons, the Court will strike the Amended Complaint and all Supplemental Filings and grant leave to file a single amended complaint on the Court's official civil rights form complaint. The single amended complaint is due within thirty (30) days of entry of this Memorandum Opinion and Order. The amendment must contain a short and plain statement demonstrating the grounds for relief, as required by rule 8(a) of the Federal Rules of Civil Procedure. Jones must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The amendment must also be limited to civil claims (as distinct from criminal matters) that Jones wishes to adjudicate in this civil rights case, CIV 23-0846 JB/GBW. If Jones fails to timely file a single, amended complaint as set forth above or files additional pleadings that violate rule 8(a) of the Federal Rules of Civil Procedure and/or this Order, the Court may dismiss this action without further notice.

Screening MOO at 3-4.

The Clerk's Office mailed Jones a blank civil rights complaint to assist with the amended

---

states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that McNamara v. Brauchler and Pola v. Utah, 458 Fed. Appx. 760, 762 (10th Cir. 2012), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 4 -

complaint.  The deadline to file a single, amended complaint that complies with rule 8(a) of the Federal Rules of Civil Procedure expired on September 30, 2024.  Jones has not complied, shown cause for such failure, or otherwise responded to the Screening Ruling.  The Court, therefore, analyzes whether to dismiss this case under rule 41 under the Federal Rules of Civil Procedure for failure to prosecute and comply with orders.

## ANALYSIS

Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(quoting Reed v. Bennet, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or [the] court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a

significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.   Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Jones has not filed a single, amended complaint that sets out a short and plain statement of the grounds for relief, as the Screening MOO and rule 8(a) of the Federal Rules of Civil Procedure require.   Accordingly, the Court dismisses this case pursuant to rule 41 for failure to prosecute.   See Link v. Wabash R. Co., 370 U.S. 626, 631-32 (1962)(holding that courts have the authority to dismiss sua sponte for lack of prosecution under rule 41).   The Court dismisses this entire case -- rather than any specific pleading in this case -- because the Screening MOO strikes all pending pleadings, and there are now no active pleadings on file.   After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the case is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jason W. Jones
Clovis, New Mexico

    *Plaintiff, pro se*